UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LOIS SHOEMAKER,

                         Petitioner,

       -against-                         1:05-CV-0627
                                                         (LEK)

UNITED STATES OF AMERICA,

                         Respondent.

_____

## ORDER

**I.    Background.**

      Currently before the Court is a Petition for Habeas Corpus brought by Lois Shoemaker ("Petitioner" or "Shoemaker") pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") (Dkt. No. 1).

      On March 29, 1999, Petitioner pled guilty in the United States District Court for the Northern District of New York to charges of making false statements on a credit card application. <u>See</u> Case No. 99-Cr-00133. She was sentenced to fifteen months imprisonment and five years of supervised release. <u>See</u> Case No. 99-Cr-133, Dkt. No. 13. On April 29, 2004, Petitioner pled guilty to violating the terms of her supervised release and was sentenced to twenty-two months imprisonment. <u>See</u> Case No. 99-Cr-133, Dkt. No. 20.

      In her Section 2255 motion, Petitioner argues that in light of the recent Supreme Court ruling in <u>United States v. Booker</u>, 543 U.S. 220 (2005), this Court's imposition of enhancements under the Federal Sentencing Guidelines in the calculation of her sentence violated the Sixth Amendment of the United States Constitution. <u>See</u> § 2255 motion (Dkt. No. 1).

II.     **Discussion.**

Booker "held that the [Federal Sentencing] Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge . . . ." Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing Booker, 543 U.S. at 243-44).  It has been decided, however, that the Supreme Court's decision in Booker "does not apply retroactively to cases on collateral review . . . ." Guzman, 404 F.3d at 140 (holding that the new rule announced in Booker did not apply retroactively because it was neither a substantive rule, nor a procedural "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceeding'"). Id. at 142-43 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)).

Because utilization of the Federal Sentencing Guidelines in determining Petitioner's sentence occurred more than five years prior to the Supreme Court's holding in Booker, Booker provides no basis for Petitioner's Section 2255 motion.  See Mendez v. United States, 379 F. Supp. 2d 589, 595 (S.D.N.Y. 2005); Muniz v. United States, 360 F. Supp. 2d 574, 581 (S.D.N.Y. 2005).  Based upon the foregoing, Shoemaker's Petition must be dismissed.

**WHEREFORE**, it is hereby

**ORDERED**, that the Petition in this action is **DISMISSED**, and it is further,

**ORDERED**, that the Clerk serve a copy of this Order on the Petitioner by certified mail.

**IT IS SO ORDERED**.

Dated: March 22, 2006
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge